Ann Morgan, Bar No. 933
Email: amorgan@fclaw.com
Shannon S. Pierce, Bar No. 12471
Email: spierce@fclaw.com
Fennemore Craig Jones Vargas
300 E. Second Street, Suite 1510
Reno, NV 89501
Telephone: (775) 788-2200
Facsimile: (775) 788-2286

Steve Sumner (*pro hac vice application to be filed shortly*)
David Schick (*pro hac vice application to be filed shortly*)
David H. Pace (*pro hac vice application to be filed shortly*)
SUMNER, SCHICK & PACE
3811 Turtle Creek Blvd., Suite 600
Dallas, Texas 75219
Telephone: (214) 965-9229
Facsimile: (214) 965-9215
email: Dschick@sumnerschick.com

*Attorneys for Plaintiff Computer Sciences Corp.*

FILED / ENTERED
RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 2 4 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| COMPUTER SCIENCES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, JOHN MAGUIRE, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 3:15-cv-00267-HDM- VPC<br><br>**PLAINTIFF'S PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Local Rule 26-1(d), Plaintiff submits this Proposed Discovery Plan and Scheduling Order in the above-referenced matter.

### I. The Parties' Positions:

**Plaintiff's position**: Plaintiff intends to pursue discovery immediately. Plaintiff, therefore, files this Proposed Discovery Plan and Scheduling Order and requests that the Court enter it as an order of the Court.

1

**Defendants' position**: In conference with Plaintiff's counsel, Defendants take the position discovery should not begin, and a proposed discovery plan and scheduling order should not be filed or considered, until after the Court rules on their pending Motion to Dismiss [Dkt. #5, 9]. Defendants do not stipulate to any of the statements and proposed dates in this submission.

## II. Information Required by Federal Rule 26(f):

### A. Initial Disclosure and Conference of the Parties -

Plaintiff proposes that the parties will confer pursuant to Fed.R.Civ.P. 26(f) and LR 26-1(d), prior to June 26, 2015. Based on the status of this case, Plaintiff proposes that the parties complete their initial disclosures, pursuant to Fed.R.Civ.P. 26(a)(1), on or before July 10, 2015.

### B. Scope of Discovery -

Plaintiff states that, consistent with Fed.R.Civ.P. 26 and local rules, discovery may be conducted on all discoverable matters that are relevant to, or otherwise reasonably calculated to lead to the discovery of admissible evidence concerning, the issues raised by Plaintiffs' Complaint and/or any subsequent pleading. Plaintiff does not believe that any changes should be made to the limitations on the scope of discovery imposed under the Federal Rules of Civil Procedure or Local Rules.

### C. Changes in the Timing, Form, or Requirements for Disclosures -

The parties have conferred. Defendants are taking the position that any and all discovery submissions are premature. Plaintiff proposed that disclosures be made as set forth above.

### D. Electronically Stored Information: Stipulated -

Plaintiff does not believe there will be any issues concerning disclosure or discovery of electronically stored information or the form in which it should be produced. If a dispute arises, Plaintiff will attempt to meet and confer to attempt to reach informal resolution before raising such issues with the Court.

### E. Privilege -

Plaintiff does not believe there will be any issues concerning claims of privilege and/or protection of trial preparation materials. Plaintiff agrees to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, Plaintiff acknowledges and agrees that while each party is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, Plaintiff agrees that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

### F. Pre-trial Conference: Stipulated -

Plaintiff agrees that a party representative need not appear at any pretrial conference scheduled by this Court and request that this Court enter an order reflecting the same.

### G. Request Orders –

No orders are requested to be entered pursuant to Fed.R.Civ.P.26 (c), 16(b), or 16(c), at this time, other than those included in this Proposal or the Local Rules of this District Court.

### III. Information Required by LR 26-1(e): Plaintiff's submission only

#### A. Discovery Cut-off Date

Defendants first appeared in this action on May 20, 2015. Pursuant to Fed. R. Civ. P. 16 and 26 and Local Rule 26(e)(1), Plaintiff proposes that the last day for discovery shall be **November 16, 2015**.

#### B. Amending the Pleading and Adding Parties

Pursuant to LR 26-2(e)(2), Plaintiff proposes that the last day to file a motion to amend the pleadings or to add parties shall be **August 18, 2015** (90 days before the discovery cut-off date). Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

#### C. Experts

Pursuant to LR 26-1(e)(3), Plaintiff proposes that the last day for disclosures required by Fed.R.Civ.P. 26(a)(2) regarding expert witnesses shall be **September 17, 2015** (60 days before the discovery cut-off date), and the last day for disclosures regarding rebuttal experts shall be **October 19, 2015** (32 days after the initial disclosure of experts; October 17, 2015, the 30th day after the disclosure of initial experts, is a Saturday).

#### D. Dispositive Motions

Pursuant to LR 26-1(e)(4), Plaintiff proposes that the last day for filing dispositive motions, including but not limited to motions for summary judgment, shall be **December 16, 2015** (30 days after the discovery cut-off date).

#### E. Pretrial Order

Pursuant to LR 26-1(e)(5), and (6), Plaintiff proposes that the last day to file a joint pretrial order (including Fed.R.Civ.P. 26(a)(3) disclosures and objections) shall be **January 15, 2016** (30 days after the date set for filing dispositive motions). Plaintiff further proposes that the parties

exchange drafts of their Fed.R.Civ.P. 26(a)(3) disclosures ten (10) days before the joint pretrial order is due, on **January 5, 2016**, to allow the disclosures and objections required under Fed.R.Civ.P. 26(a)(3), to be submitted simultaneously, in the pretrial order, pursuant to Local Rule 26-1(e)(6).

In the event dispositive motions are filed, Plaintiff proposes that the last day to file the Joint Pretrial Order shall be suspended until thirty (30) days after the service of the relevant order(s).

IV. **Additional Deadlines: Plaintiff's submission only**

A. **Interim Status Report-** Pursuant to LR 26-3 Plaintiff proposes that the parties submit an interim status report on or before **September 17, 2015** (60 days before the discovery cut-off date).

Dated: June 15, 2015                                FENNEMORE CRAIG, P.C.

                                                    By: /s/ Shannon S. Pierce
                                                        Ann Morgan, Esq.
                                                        Shannon S. Pierce, Esq.
                                                        Attorneys for Plaintiff

**IT IS SO ORDERED.**

By: _____          Dated: June 24, 2015
    U.S. MAGISTRATE JUDGE

5

## CERTIFICATE OF SERVICE

I certify that I am an employee of FENNEMORE CRAIG, P.C., and that on this date, pursuant to FRCP 5(b), I am serving a true and correct copy of the attached PLAINTIFF'S PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER (SPECIAL SCHEDULING REVIEW REQUESTED) on the parties set forth below by:

\_\_\_\_ Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices

\_\_\_\_ Certified Mail, Return Receipt Requested

\_\_\_\_ Via Facsimile (Fax)

\_\_\_\_ Placing an original or true copy thereof in a sealed envelope and causing the same to be personally Hand Delivered

\_\_\_\_ Federal Express (or other overnight delivery)

_XX_ E-service effected by CM/ECF

addressed as follows:

DATED this 15th day of June, 2015

/s/ Denise M. Lenaburg
An employee of FENNEMORE CRAIG, P.C.