**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| COMPUTER SCIENCES CORPORATION, | ) | 3:15-cv-00267-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, and JOHN MAGUIRE, and DOES 1-10, inclusive, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Defendants John Maguire ("Maguire") and Cognizant Technology Solutions U.S. Corporation ("Cognizant") (collectively "defendants") have moved to dismiss this action on the basis of a binding forum selection clause (#5). Plaintiff Computer Sciences Corporation ("CSC") has opposed (#9), and defendants have replied (#13). In CSC's opposition to the defendants' motion to dismiss,

1

CSC has applied in the alternative to transfer this action to the District of Virginia.

CSC brings this action against Maguire, its former employee, and Cognizant, Maguire's subsequent employer, alleging breach of contract, tortious interference with contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and concert of action. CSC's claims are largely based on Maguire's alleged violation of several restrictive covenants to which he was subject.

Maguire was employed by CSC from April 2013 to October 2014. On April 19, 2013, Maguire signed a non-competition/non-solicitation agreement that contained provisions preventing Maguire from disclosing or misusing CSC's confidential information, soliciting CSC's employees or customers for a period of time, and competing against CSC for a period of time. (Compl. at 3 & Ex. 1).

During his employment with CSC, Maguire entered into five stock option award agreements. (Compl. at 4 & Exs. 2-6). Each agreement contained a recoupment and forfeiture provision requiring Maguire to return to CSC the value of gains realized on exercised options in the event he violated the restrictive covenants in the agreement, including non-disclosure and non-use of confidential information, non-solicitation of CSC employees, clients and prospective clients for a period of time, and non-competition for a period of time. *Id.* Each stock option agreement also contained a permissive forum selection clause that read:

> Any action, suit or proceeding to enforce the terms and provisions of the Agreement, or to resolve any dispute or controversy arising under or in any way relating to the Agreement, may be brought in the state courts for the County of Washoe, State of Nevada, United States of America, and the parties hereto consent to the jurisdiction of such courts.

2

(*Id.* Exs. 2-6).

After Maguire's employment with CSC was terminated, he and CSC entered into a letter agreement dated November 6, 2014.[1]  The agreement modified the restrictive covenants in the original non-competition/non-solicitation agreement and contained a merger and integration clause that stated: "This Agreement supersedes any and all prior oral and/or written agreements between the Company and you, and sets forth the entire agreement between Company and you regarding the subject matter described herein."  (Mot. to Dismiss Ex. A).  The agreement also contained a forum selection clause, which stated:

> Any action arising out of or relating to any of the provisions of this Agreement may, at the election of either party, be brought and prosecuted only in the courts of, or located in, the Commonwealth of Virginia, and in the event of such election, the parties hereto consent to the jurisdiction and venue of said courts.

*Id.*

Defendants argue that the forum selection clause in the November 6, 2014, letter agreement mandates venue in the state or federal courts of Virginia and therefore this action must be dismissed pursuant to 28 U.S.C. § 1404(a).  CSC opposes the motion on several grounds, arguing that the forum selection clause of the letter agreement does not cover all of its claims and that venue is proper in Nevada under the forum selection clauses of the stock option agreements.

In resolving a motion to dismiss or transfer based on a forum selection clause, the court does not accept the pleadings as true,

---

[1] CSC and Maguire amended the letter agreement on January 19, 2015.  The amendment is immaterial to this motion.

may consider facts outside the pleadings, and must construe the clause if necessary. *See Doe 1*, 552 F.3d at 1081-82; *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

The forum selection clause in the November 6, 2014, letter agreement is mandatory, requiring that at the election of either party, an action "arising out of or relating to any of the provisions" of the agreement be brought "only" in the courts "of, or located in" the Commonwealth of Virginia. It cannot be (and indeed has not been) disputed that this clause is valid and applies, at a minimum, to CSC's claims that arise out of the letter agreement. Thus, at least some of CSC's claims in this action are subject to the Virginia forum selection clause.

CSC argues that its other claims – particularly those arising out of the stock option award agreements – are not subject to the Virginia forum selection clause. This argument is without merit. The subject matter of the letter agreement was the resolution of "all issues and obligations that exist or may exist between [CSC and Maguire] concerning [Maguire's] employment and termination." The forum selection clause applies to all claims that "aris[e] out of or relat[e] to" the letter agreement. All of CSC's claims – those based on the non-solicitation/non-compete agreements, those based on the stock option award agreements, and those arising purely in tort – relate to Maguire's employment and termination and thus arise out of or relate to the letter agreement. Thus, all of CSC's claims are covered by the forum selection clause of the letter agreement. Moreover, pursuant to the letter agreement's merger and integration clause, the letter agreement "supersedes any and all prior oral and/or written agreements between [CSC and

4

Maguire], and sets forth the entire agreement between [CSC and Maguire] regarding the subject matter described herein." As the stock option award agreements are prior written agreements between CSC and Maguire that concern Maguire's employment with CSC, the forum selection clause of the letter agreement supersedes and extinguishes the forum selection clauses of those agreements.[2] Accordingly, pursuant to the parties' agreed-upon forum selection clause, this action must be tried in either the state or federal courts in Virginia.[3]

Where a forum selection clause specifies another federal court, it is properly enforced pursuant to § 1404(a). *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, – U.S. –, 134 S. Ct. 568, 579 (2013). Under § 1404(a), the court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" for "the convenience of parties and witnesses, in the interest of justice. . . ."

Despite the clear language of § 1404(a), defendants have filed a motion to *dismiss* pursuant to § 1404(a), arguing that while transfer is the norm under the statute, dismissal is authorized by the Supreme Court's decision in *Atlantic Marine*, 134 S. Ct. 568. Defendants' argument is without merit. In *Atlantic Marine*, the

---

[2] CSC asserts that the court cannot make this finding at this point. CSC's argument relies on an incorrect assumption that defendants' motion should have been brought under Federal Rule of Civil Procedure 12(b)(6). Defendants did not file their motion under that rule nor were they required to do so.

[3] Defendants concede this interpretation, which is proper under Ninth Circuit case law. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009); Mot. to Dismiss at 6.

Supreme Court held that the "appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine*, 134 S. Ct. at 580. However, § 1404(a) is "a codification of the doctrine of *forum non conveniens* in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Id.* at 580 (emphasis added). Dismissal is therefore not proper where the alternative forum is a federal district court. *See id.*; *Ravelo Monegro v. Rosa*, 211 F.3d 509, 512-13 (9th Cir. 2000) ("Section 1404(a) thus serves as a statutory substitute for forum non conveniens in federal court where the alternative forum is within the territory of the United States. The doctrine of forum non conveniens survives in federal court only when the alternative forum is in a foreign country."); *Isdal-Giroux v. Linguisearch, Inc.*, 2007 WL 865248, at *2 (D. Ariz. Mar. 20, 2007) (unpublished disposition) ("Since the passage of 28 U.S.C. § 1404(a), a federal court is without power to dismiss an action under the common law doctrine of forum non conveniens where § 1404(a) is applicable, since the remedy for an inconvenient forum under the statute is not a dismissal but a transfer."). Because the forum selection clause in this case authorizes suit in a federal district court, and a transfer is available, a dismissal would not be appropriate.[4]

---

[4] To the extent defendants argue that dismissal would be appropriate because the provision also identifies state courts, that argument is also without merit. The provision at issue in *Atlantic Marine* also identified both a state and a federal court, and there the Supreme Court applied § 1404(a). *See Atlantic Marine*, 134 S. Ct. at 575, 581 ("[T]he Court of Appeals correctly identified § 1404(a) as the appropriate provision to enforce the forum-selection clause in this case. . . .").

In deciding whether a transfer is appropriate under § 1404(a), the court applies the same private and public factors as it does in considering a motion to dismiss under the doctrine of *forum non conveniens*. *Id.* However, where there is a valid forum selection clause the plaintiff's choice of forum is not entitled to any weight, and the private interests are deemed to "weigh entirely in favor of the preselected forum." *Id.* at 581-82. The court therefore considers only the public interest factors.[5] *Id.* at 582. Even so, public interest factors will "rarely defeat a transfer motion." *Id.* at 582. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 581. The plaintiff bears the burden of showing its case should not be transferred to the forum to which the parties agreed. *Atlantic Marine*, 134 S. Ct. at 582.

CSC has not identified any unusual or extraordinary circumstances that would justify denying defendants' motion to transfer and has made no compelling argument that the public factors weigh heavily against transfer. Therefore, transfer of this action to the parties' designated forum is appropriate.

Accordingly, the defendants' motion to dismiss is **DENIED**. The alternative application to transfer this action to the United

---

[5] The public factors are: (1) the local interest of the lawsuit; (2) the court's familiarity with governing law; (3) the burden on the local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001).

7

States District Court in the District of Virginia is **GRANTED**. There are two federal district courts in the state of Virginia, either of which would be a proper venue under the parties' forum selection clause.  The pleadings reflect that CSC's principal place of business is in Falls Church, Virginia.  Therefore, the court will transfer this action to the Eastern District of Virginia, where Falls Church is located.  The parties may file any objections to the transfer to the Eastern District of Virginia rather than the Western District of Virginia on or before November 23, 2015. Transfer of this action will be stayed pending the filing of any timely objections.  Should no objections be filed the action will be transferred on November 25, 2015.

    IT IS SO ORDERED.

    DATED: This 18th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE